UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jeffrey J. Prosser, pro se, and John P. Raynor, pro se, <br><br> Plaintiffs, <br><br> v. <br><br> Federal Agricultural Mortgage Corporation; the United States Department of Agriculture, and National Rural Utilities Cooperative Finance Corporation; <br><br> Defendants | Civil No.: 1:08-cv-00687 <br><br> **Response:** <br><br> **May 19, 2008 Order** |

COMES NOW, John P. Raynor ("Raynor"), Pro Se Plaintiff, in the above captioned action and in response to the Court's inquiry in the Order dated May 19, 2008, states as follows:

1.  Raynor is an attorney but generally is not a litigator. Raynor, as it will become evident in this proceeding, has an acumen that is disposed to financial matters than legal.

2.  Jeffrey J. Prosser ("Prosser") is not an attorney and not a litigator but has been at the center of litigation throughout his career which started with the acquisition process of the Virgin Islands Telephone Corporation in January of 1986.

3.  Raynor and Prosser are to be co-plaintiffs in a civil RICO action in which Prosser will be represented by counsel and Raynor will act on a pro se basis. The action awaits Prosser's counsel review and refinement of the Petition. One of the predicate acts created a loss of property by Raynor and also by Prosser creating a common, or identity of, interest. The National Rural Utilities Cooperative Finance Corporation ("CFC"), violation of § 1107 of the

Sarbanes-Oxley Act of 2002, retaliated against Prosser and Raynor for raising the issues surrounding CFC's long-term, systematic defalcation of the Rural Telephone Finance Corporation ("RTFC").

4.  Raynor interest in this litigation that is separate and distinct from the mutual interest he shares with Prosser. If required by the Court, documents supporting Raynor's interest can be made available to the Court for in camera inspection; provided, it is without to the opposing counsel.

5.  Based upon paragraphs 4 and 5 of this Response, the pro se Plaintiffs have an identity of interest.

6.  Nevertheless, Raynor will be assisting Prosser in this action and the briefs and responses will largely be based upon Raynor's research; thus, Raynor will be providing legal assistant to a pro se litigate.

7.  ABA Formal Opinion 07-446, *Undisclosed Legal Assistance to Pro Se Litigants*, issued May 5, 2007 finds:

> We conclude that there is no prohibition in the Model Rules of Professional Conduct against undisclosed assistance to pro se litigants, as long as the lawyer does not do so in a manner that violates rules that other-wise would apply to the lawyer's conduct. Accordingly, ABA Informal Opinion 1414 is superseded. *Id.* at p. 4

ABA Formal Opinion 07-446 is attached hereto as Exhibit "A".

8.  Raynor's assistance to Prosser is not undisclosed. Nothing could be more self-evident than having the status as co-plaintiff.

9.  Raynor has had a personal and business relationship with Prosser since 1983 and communicates with him on a more frequent basis than daily. Raynor, if agreeable to all parties, is willing to accept service on behalf of Prosser.

Dated this 3rd day of June 2008.

          Respectfully submitted,

*John P. Raynor*
John P. Raynor, pro se Plaintiff
Raynor, Rensch & Pfeiffer
10110 Nicholas Street, Suite 102
Omaha, Nebraska 68114
Telephone: (402) 498-4400
Fax: (402) 498-0339

## Notice of Service

I hereby certify that on May 29, 2008, electronic copies of the above and foregoing pleading were sent by United States mail, postage prepaid, to:

The Honorable Michael B. Mukasey
United States Attorney General
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
*By United States mail, postage prepaid*

Adam P. Strochak
Alexander O. Levine
Weil, Gotshal & Manges L.L.P.
1300 Eye Street, N.W., Suite 900
Washington, D.C. 20005
*Electronically by the CM/ECF system*

Civil Process Clerk
United States Attorney's Office
For the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
*By United States mail, postage prepaid*

United States Department of Agriculture
1400 Independence Ave., S.W.
Washington, D.C. 20250
*By United States mail, postage prepaid*

Jeffrey J. Prosser
P.O. Box 5227
St. Croix
U.S. Virgin Islands  80823
*By Email*

                                                *John P. Raynor*

**EXHIBIT "A"**

# AMERICAN BAR ASSOCIATION
STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY

**Formal Opinion 07-446**                                            **May 5, 2007**
**Undisclosed Legal Assistance to Pro Se Litigants**

*A lawyer may provide legal assistance to litigants appearing before tribunals "pro se" and help them prepare written submissions without disclosing or ensuring the disclosure of the nature or extent of such assistance.*[1]

Litigants appearing before a tribunal "pro se" (representing themselves, without counsel) sometimes engage lawyers to assist them in drafting or reviewing documents to be submitted in the proceeding. This is a form of "unbundling" of legal services, whereby a lawyer performs only specific, limited tasks instead of handling all aspects of a matter.[2] We discuss in this opinion whether the Model Rules of Professional Conduct at any point require a lawyer so engaged to disclose, or ensure the disclosure of, the fact or extent of such assistance to the tribunal or to adverse parties.

State and local ethics committees have reached divergent conclusions on this topic. Some have opined that no disclosure is required.[3] Others, in contrast, have expressed the view that the identity of the lawyer providing assis-

---

1. This opinion is based on the Model Rules of Professional Conduct as amended by the ABA House of Delegates through February 2007. The laws, court rules, regulations, rules of professional conduct and opinions promulgated in individual jurisdictions are controlling.

2. Lawyers generally are permitted to limit the scope of their representation of a client pursuant to Rule 1.2(c).

3. Arizona Eth. Op. 06-03 (July 2006) (Limited Scope Representation; Confidentiality; Coaching; Ghost Writing); Illinois State Bar Ass'n Op. 849 (Dec, 9, 1983) (Limiting Scope of Representation); Maine State Bar Eth. Op. 89 (Aug. 31, 1988); Virginia Legal Eth. Op. 1761 (Jan. 6, 2002) (Providing Forms to Pro Se Litigants); Virginia Legal Eth. Op. 1592 (Sept. 14, 1994) (Conflict of Interest; Multiple Representation; Contact with Adverse Party; Representation of Insurance Carrier Against Pro Se Uninsured Motorist; Attorney-Client Relationship); Los Angeles County Bar Ass'n Eth. Op. 502 (Nov. 4, 1999) (Lawyers' Duties When Preparing Pleadings or Negotiating Settlement for In Pro Per Litigant); Los Angeles County Bar Ass'n Eth. Op. 483 (Mar. 20, 1995) (Limited Representation of In Pro Per Litigants). *But see* Alaska Eth. Op. 93-1 (March 19, 1993) (Preparation of a Client's Legal Pleadings in a Civil Action Without Filing an Entry of Appearance) (lawyer's assistance must be disclosed unless lawyer merely helped client fill out forms designed for pro se litigants); Virginia

---

AMERICAN BAR ASSOCIATION STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY, 321 N. Clark Street, Chicago, Illinois 60610-4714 Telephone (312)988-5300 CHAIR: Steven C. Krane, New York, NY ❑ Elizabeth Alston, Covington, LA ❑T. Maxfield Bahner, Chattanooga, TN ❑ Amie L. Clifford, Columbia, SC ❑ Edwin L. Felter, Jr., Denver, CO ❑ James Akio Kawachika, Honolulu, HI ❑ Robert H. Mundheim, New York, NY ❑ Arden J. Olson, Eugene, OR ❑ Irma Russell, Tulsa, OK ❑ Sylvia E. Stevens, Lake Oswego, OR ❑ CENTER FOR PROFESSIONAL RESPONSIBILITY: George A. Kuhlman, Ethics Counsel; Eileen B. Libby, Associate Ethics Counsel

© 2007 by the American Bar Association. All rights reserved.

tance must be disclosed on the theory that failure to do so would both be misleading to the court and adversary counsel, and would allow the lawyer to evade responsibility for frivolous litigation under applicable court rules.[4] Interpreting the Model Code of Professional Responsibility, predecessor to the Model Rules, this Committee took a middle ground, stating that disclosure of at least the fact of legal assistance must be made to avoid misleading the court and other parties, but that the lawyer providing the assistance need not be identified.[5]

Whether the lawyer must see to it that the client makes some disclosure to the tribunal (or makes some disclosure independently)[6] depends on whether the fact of assistance is material to the matter, that is, whether the failure to disclose that fact would constitute fraudulent or otherwise dishonest conduct on the part of the client, thereby involving the lawyer in conduct violative of Rules 1.2(d), 3.3(b), 4.1(b), or 8.4(c). In our opinion, the fact that a litigant submitting papers to a tribunal on a pro se basis has received legal assistance behind the scenes is not material to the merits of the litigation. Litigants ordinarily have the right to proceed without representation and may do so without revealing that they have received legal assistance in the absence of a law or rule requiring disclosure. Some ethics committees[7] have raised the concern

---

Legal Eth. Op. 1127 (Nov, 21, 1988) (Attorney-client Relationship-Pro Se Litigant: Rendering Legal Advice) (failure to disclose that lawyer provided active or substantial assistance, including the drafting of pleadings, may be misrepresentation).

4. Colorado Bar Ass'n Eth. Op. 101 (Jan. 17, 1998) (Unbundled Legal Services) (Addendum added Dec. 16, 2006, noting that Colorado Rules of Professional Conduct amended to state that a lawyer providing limited representation to pro se party involved in court proceeding must provide lawyer's name, address, telephone number and registration number in pleadings); Connecticut Inf. Eth. Op 98-5 (Jan. 30, 1998) (Duties to the Court Owed by a Lawyer Assisting a Pro Se Litigant); Delaware State Bar Ass'n Committee on Prof'l Eth. Op. 1994-2 (May 6, 1994); Kentucky Bar Ass'n Eth. Op. E-343 (Jan. 1991); New York State Bar Ass'n Committee on Prof'l Eth. Op. 613 (Sept. 24, 1990).

5. ABA Inf. Op. 1414 (June 6, 1978) (Conduct of Lawyer Who Assists Litigant Appearing Pro Se), in FORMAL AND INFORMAL ETHICS OPINIONS: FORMAL OPINIONS 316-348, INFORMAL OPINIONS 1285-1495, at 1414 (ABA 1986). *See also* Florida Bar Ass'n Eth. Op.79-7 (Reconsideration) (Feb. 15, 2000); Iowa Supreme Court Bd. of Prof'l Eth. & Conduct Op. 96-31 (June 5, 1997) (Ghost Writing Pleadings); Massachusetts Bar Ass'n Eth. Op. 98-1 (May 29, 1998); New Hampshire Bar Association (May 12, 1999) (Unbundled Services: Assisting the Pro Se Litigant); Utah 74 (1981); Association of the Bar of the City of New York, Committee on Prof'l & Jud. Eth. Formal Op. 1987-2 (Mar. 23, 1987).

6. We assume a jurisdiction where no law or tribunal rule requires disclosure of such participation, prohibits litigants from employing lawyers (e.g., pro se courts), or otherwise regulates such undisclosed advice or drafting. If there is such a regulation, the boundaries of the lawyer's obligation are beyond the scope of this opinion.

7. *See, e.g.*, Association of the Bar of the City of New York, Committee on Prof'l & Jud. Eth. Formal Op. 1987-2, supra note 5.

that pro se litigants "are the beneficiaries of special treatment," and that their pleadings are held to "less stringent standards than formal pleadings drafted by lawyers."[8] We do not share that concern, and believe that permitting a litigant to file papers that have been prepared with the assistance of counsel without disclosing the nature and extent of such assistance will not secure unwarranted "special treatment" for that litigant or otherwise unfairly prejudice other parties to the proceeding. Indeed, many authorities studying ghostwriting in this context have concluded that if the undisclosed lawyer has provided effective assistance, the fact that a lawyer was involved will be evident to the tribunal. If the assistance has been ineffective, the pro se litigant will not have secured an unfair advantage. As stated by one commentator:

> Practically speaking … ghostwriting is obvious from the face of the legal papers, a fact that prompts objections to ghostwriting in the first place.… Thus, where the court sees the higher quality of the pleadings, there is no reason to apply any liberality in construction because liberality is, by definition, only necessary where pleadings are obscure. If the pleading can be clearly understood, but an essential fact or element is missing, neither an attorney-drafted nor a pro se-drafted complaint should survive the motion. A court that refuses to dismiss or enter summary judgment against a non-ghostwritten pro se pleading that lacks essential facts or elements commits reversible error in the same manner as if it refuses to deny such dispositive motions against an attorney-drafted complaint.[9]

Because there is no reasonable concern that a litigant appearing pro se will receive an unfair benefit from a tribunal as a result of behind-the-scenes legal assistance, the nature or extent of such assistance is immaterial and need not be disclosed.

Similarly, we do not believe that nondisclosure of the fact of legal assistance is dishonest so as to be prohibited by Rule 8.4(c). Whether it is dishonest for the lawyer to provide undisclosed assistance to a pro se litigant turns on whether the court would be misled by failure to disclose such assistance. The lawyer is making no statement at all to the forum regarding the nature or

---

8. Haines v. Kerner, 404 U.S. 519, 520 (1972). *Compare* ABA Model Code of Judicial Conduct, Rule 2.2, Comment [4] (adopted February 2007) ("It is not a violation of this Rule [requiring impartiality and fairness] for a judge to make reasonable accommodations to ensure pro se litigants the opportunity to have their matters fairly heard.")

9. Jona Goldschmidt, *In Defense of Ghostwriting,* 29 FORDHAM URB. L.J. 1145, 1157-58 (2002). *See also* Rebecca A. Albrecht, John M. Greacen, Bonnie Rose Hough, & Richard Zorza, *Judicial Techniques for Cases Involving Self-Represented Litigants*, 42 THE JUDGES' JOURNAL 16 (Winter 2003), *also available at* http://www.zorza.net/JudicalTech.JJWi03.pdf; American Judicature Society, *Revised Pro Se Policy Recommendations* (March 2002), *available at* http://www.ajs.org/prose/pdfs/Policy%20Recom.pdf.

scope of the representation, and indeed, may be obliged under Rules 1.2[10] and 1.6[11] not to reveal the fact of the representation. Absent an affirmative statement by the client, that can be attributed to the lawyer, that the documents were prepared without legal assistance, the lawyer has not been dishonest within the meaning of Rule 8.4(c). For the same reason, we reject the contention that a lawyer who does not appear in the action circumvents court rules requiring the assumption of responsibility for their pleadings.[12] Such rules apply only if a lawyer signs the pleading and thereby makes an affirmative statement to the tribunal concerning the matter. Where a pro se litigant is assisted, no such duty is assumed.

We conclude that there is no prohibition in the Model Rules of Professional Conduct against undisclosed assistance to pro se litigants, as long as the lawyer does not do so in a manner that violates rules that otherwise would apply to the lawyer's conduct. Accordingly, ABA Informal Opinion 1414 is superseded.

---

10. Rule 1.2(a) and (c) provide: "(a) Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.… (c) A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent."

11. Rule 1.6(a) provides: "(a) A lawyer shall not reveal information relating to the representation of a client unless the client give informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b)."

12 *See, e.g.*, Fed. R. Civ. P. rule 11.