IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY J. PROSSER, and JOHN P. RAYNOR,<br><br>        Plaintiffs,<br><br>   v.<br><br>FEDERAL AGRICULTURAL MORTGAGE CORPORATION, UNITED STATES DEPARTMENT OF AGRICULTURE, and NATIONAL RURAL UTILITIES COOPERATIVE FINANCE CORPORATION,<br><br>        Defendants. | Case No. 08-cv-00687-JR |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT FEDERAL AGRICULTURAL MORTGAGE CORPORATION'S MOTION TO DISMISS**

                        WEIL, GOTSHAL & MANGES LLP
                        1300 Eye Street, NW
                        Suite 900
                        Washington, DC 20005
                        (202) 682-7000

                        and

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        (212) 310-8000

                        Counsel for Defendant Federal Agricultural Mortgage Corporation

## PRELIMINARY STATEMENT

Defendant Federal Agricultural Mortgage Corporation ("Farmer Mac") submits this Reply Memorandum in further support of its motion to dismiss. Plaintiffs' Memorandum in Opposition ("Mem. Opp.") merely repeats the allegations of the complaint and adds a handful of new theories even more tenuous than the ones initially pleaded.[1] Plaintiffs still offer no coherent theory of standing; the alleged injury described in the Memorandum in Opposition is even more attenuated than the one in the complaint. Plaintiffs' only response to the motion to dismiss for failure to state a claim on which relief can be granted is to assert new theories of liability which are not pleaded in the complaint at all and which, even if they were pleaded adequately, are unsustainable as a matter of law. The Court should dismiss the complaint.

## ARGUMENT

### A.    Plaintiffs Do Not Have Standing

Plaintiffs have failed to demonstrate that they have Article III standing. Plaintiffs do not offer any coherent response to the arguments that they have not pleaded any cognizable injury fairly traceable to the conduct of Farmer Mac, and have not pleaded any injury whatsoever that could be redressed by the remedies they seek in this action. In its most recent iteration, Plaintiffs' theory of standing has become even more attenuated.

---

[1] Although purportedly filed on behalf of both plaintiffs, the Memorandum in Opposition is signed only by Mr. Raynor, who has represented to the Court that he is acting pro se and not as counsel. Rule 11 requires signature by *each* unrepresented party. Fed. R. Civ. Proc. 11(a). If this omission is not promptly corrected, the Court should strike the opposition. *See id.* ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."); *Blackman v. District of Columbia*, 355 F. Supp. 2d 171 (D.D.C. 2005) (striking, sua sponte, motion filed by attorney in violation of unauthorized practice of law rules).

Plaintiffs' theory of injury appears to relate solely to conduct of now-dismissed defendant National Rural Utilities Cooperative Finance Corporation ("National Rural") in *other* litigation against Plaintiffs' *former* company, Innovative Communication Corporation ("ICC"). As explained in National Rural's separate motion to dismiss, to which Plaintiffs did not respond, there has been a long history of litigation between National Rural, ICC, and Plaintiffs, and ICC is in bankruptcy proceedings in the Virgin Islands under the control of a trustee. National Rural Mot. to Dismiss at pp. 3-6. Plaintiffs theory of injury appears to be that National Rural adopted a "bellicose and openly hostile attitude" toward ICC and, but for Farmer Mac's investment in National Rural securities, National Rural would have been compelled by financial need to "make an accommodation to ICC," presumably by settling claims against ICC in a more favorable way. Mem. Opp. at 20-22. This does not even establish a legally cognizable injury to ICC much less one to Plaintiffs.

Plaintiffs *concede* they cannot meet the redressability test, admitting that a declaratory judgment from this Court will not compel National Rural to "deal with Plaintiffs." Mem. Opp. at 23. And they admit that the purpose of this action is not to satisfy any legal injury, but to remedy what they view as a "cavalier attitude" by National Rural and force it to consider Plaintiff Prosser's offer to purchase the assets of ICC. *Id*. Thus, they admit that their lawsuit is an attempt to use this Court to tilt the playing field in their direction in disputes with National Rural over matters pending in a distant bankruptcy case. This does not satisfy *any* of the elements required for Article III standing.

### B.     Plaintiffs Do Not State a Claim on Which Relief May Be Granted

Plaintiffs offer no response to the points raised in Farmer Mac's motion to dismiss regarding the lack of *any* legal authority for a private cause of action challenging Farmer

Mac's investment decisions. That is because there is none; it is beyond dispute that none of the potentially-applicable statutes creates a private right of action.

Lacking any legal basis to challenge the Farm Credit Administration's ("FCA's") approval of Farmer Mac's acquisition of National Rural securities, Plaintiffs merely repeat the substance of their argument that the approval was unlawful. But they are wrong on the merits too. Their theory is that the FCA's authority in 12 C.F.R. § 652.35(e) to approve non-program investments does not give it authority to waive the requirements of subsections (c) and (d) of the same rule pertaining to maximum investment amounts (no more than 25% of regulatory capital) and the marketability of investment securities. This is nonsensical because the Investment Eligibility Criteria Table specifically requires that non-program investments must meet the criteria set out in subsections (b), (c), (d) of the rule, and subsection (e) expressly allows approval of investments other than those set out in the table. It thus follows that the FCA has ample authority to approve investments not meeting the cap on use of regulatory capital and investments not meeting the marketability requirement. And even if there were any ambiguity about this, the Court properly should defer to the agency's reasonable interpretation of its own rules. *See Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) (agency's interpretation of its own regulations is subject to considerable deference).

Plaintiffs misperceive Farmer Mac's argument with respect to the recently-enacted Food, Conservation & Energy Act of 2008 (the "Farm Bill"). Farmer Mac does not argue that the Farm Bill retroactively authorized past investments; there was no need to do that because the FCA already had approved Farmer Mac's historical investments in National Rural securities. The Farm Bill authorized Farmer Mac to make these investments without

FCA approval on a going-forward basis, a point Plaintiffs do not contest.  Thus, their complaint must be dismissed for failure to state a claim because it seeks, inter alia, "issuance of a preventive injunction to ensure no further violations of the law" but the law now explicitly authorizes Farmer Mac to make additional investments of the type Plaintiffs challenge.  Complaint at p. 27 (5th prayer for relief).

The 28-page complaint does not satisfy the most basic requirement of notice pleading – providing a "short and plain statement of the claim" – even after 25 pages of additional explanation in the Memorandum in Opposition.  Fed. R. Civ. Proc. 8(a)(2).  As best as can be ascertained from their papers, Plaintiffs now assert that Farmer Mac aided and abetted a common law fraud by National Rural.  Mem. Opp. at 17-20.  But they fall far short of satisfying the pleading requirements for this cause of action.  They state no cause of action for common law fraud, having pleaded no facts alleging a misrepresentation by National Rural, scienter, reliance by Plaintiffs, or damages.  They have pleaded no facts from which any trier of fact could conclude that Farmer Mac had any knowledge of this alleged fraud or provided any assistance to National Rural.  All the complaint alleges is that Farmer Mac acquired National Rural securities.  And all the Mem. Opp. adds to this is the contention that, as a result of its due diligence, Farmer Mac "should have" discovered an alleged misappropriation of "patronage capital" by National Rural.  Mem. Opp. at p. 15.  This states no cause of action against Farmer Mac.

Finally, to the extent Plaintiffs now claim liability under the federal False Claims Act, Mem. Opp. at pp. 23-24, their complaint remains hopelessly deficient.  They do not allege any of the elements of a claim under the False Claims Act, even the most basic existence of a "false or fraudulent claim" presented to the United States or use of a "false

record or statement" to get a fraudulent claim paid by the United States. 31 U.S.C. § 3729(a). And Plaintiffs have complied with none of the False Claims Act's procedural prerequisites, including proceeding as relators in the name of the United States, filing their complaint under seal, and serving it on the government so that the government may decide if it intends to intervene. 31 U.S.C. § 3730(b). Having satisfied none of the substantive pleading requirements of the False Claims Act and none of its procedural requirements, Plaintiffs cannot recast themselves as whistleblowers in an attempt to save their complaint from dismissal for failure to state a claim and for lack of standing.

## CONCLUSION

For the foregoing reasons, the complaint should be dismissed.

>Respectfully submitted,
>
>/s/ Adam P. Strochak
>Adam P. Strochak (D.C. Bar No. 439308)
>Alexander O. Levine (D.C. Bar No. 501924)
>WEIL, GOTSHAL & MANGES LLP
>1300 Eye Street, NW
>Suite 900
>Washington, DC 20005
>Tel: (202) 682-7000
>Fax: (202) 857-0939
>
>Anthony Albanese
>WEIL, GOTSHAL & MANGES LLP
>767 Fifth Avenue
>New York, New York 10153
>Tel: (212) 310-8000
>Fax (212) 310-8007
>
>Counsel for Defendant Federal Agricultural Mortgage Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2008, a true and accurate copy of the above document was filed electronically in the case identified above. A copy of the filing will be sent to the parties listed below via United States Postal Service mailing.

> JEFFREY J. PROSSER
> P.O. Box 5227
> St. Croix, VI 80823
> PRO SE
>
> JOHN P. RAYNOR
> 10110 Nicholas Street
> Suite 102
> Omaha, NE 68114
> (402) 498-4400
> PRO SE

/s/  Adam P. Strochak
Adam P. Strochak